IN RE: D.K.H., A MINOR JUVENILE

No. COA07-33

(Filed 19 June 2007)

**Child Abuse and Neglect— appealability—order ceasing reunification efforts**

An appeal from an order in a child neglect case ceasing reunification efforts with the father was dismissed because none of the required circumstances of N.C.G.S. § 7B-1001(a)(5)(a)-(c) were met. However, the dismissal was without prejudice because the father properly preserved his right to appeal at a later time in conjunction with an order terminating parental rights.

Appeal by respondent father from order entered 6 November 2006 by Judge Mitchell L. McLean in Alleghany County District Court. Heard in the Court of Appeals 4 June 2007.

*No brief for petitioner-appellee Alleghany County Department of Social Services.*

*Tracie M. Jordan, guardian ad litem attorney advocate for the minor child.*

*Richard Croutharmel, attorney for respondent-appellant father.*

**IN RE D.K.H.**

[184 N.C. App. 289 (2007)]

MARTIN, Chief Judge.

On 24 October 2005, the Alleghany County Department of Social Services ("DSS") filed a juvenile petition alleging that the minor child, D.K.H., was neglected. On 22 November 2005, DSS was granted non-secure custody of D.K.H., and she was placed in foster care. On 23 February 2006, the trial court adjudicated D.K.H. as neglected based on consent of both respondent mother and respondent father. In its adjudication order, the trial court ceased reunification efforts with the mother but continued reunification efforts with the father. The order further provided that D.K.H. could be placed with the father upon his compliance with an "Out-of-Home Agreement" to be prepared by DSS.

Following two subsequent review hearings on 27 June and 22 August 2006, the trial court entered orders maintaining the legal and physical custody of D.K.H. with DSS and otherwise maintaining the status quo of the case. On 3 October 2006, the trial court conducted a permanency planning hearing. Following the hearing, the trial court ceased reunification efforts with the father and ordered DSS to pursue a permanent plan of termination of parental rights and adoption. On 10 October 2006, the father gave notice of his intent to appeal the trial court's order ceasing reunification efforts. The trial court filed its permanency planning order on 6 November 2006, and on 8 November 2006, the father filed a notice of appeal.

In his appeal, the father asserts that the trial court erroneously ceased reunification efforts and failed to provide for further visitation with D.K.H. However, we do not reach the merits of this appeal because an order ceasing reunification efforts is not one of the juvenile matters that may be appealed pursuant to N.C.G.S. § 7B-1001. This statute provides as follows:

> (a) In a juvenile matter under this Subchapter, appeal of a final order of the court in a juvenile matter shall be made directly to the Court of Appeals. Only the following juvenile matters may be appealed:
>
> (1) Any order finding absence of jurisdiction.
>
> (2) Any order, including the involuntary dismissal of a petition, which in effect determines the action and prevents a judgment from which appeal might be taken.
>
> (3) Any initial order of disposition and the adjudication order upon which it is based.

**IN RE D.K.H.**

[184 N.C. App. 289 (2007)]

(4) Any order, other than a nonsecure custody order, that changes legal custody of a juvenile.

(5) An order entered under G.S. 7B-507(c) with rights to appeal properly preserved as provided in that subsection, as follows:

a. The Court of Appeals shall review the order to cease reunification together with an appeal of the termination of parental rights order if all of the following apply:

1. A motion or petition to terminate the parent's rights is heard and granted.

2. The order terminating parental rights is appealed in a proper and timely manner.

3. The order to cease reunification is assigned as an error in the record on appeal of the termination of parental rights.

b. A party who is a parent shall have the right to appeal the order if no termination of parental rights petition or motion is filed within 180 days of the order.

c. A party who is a custodian or guardian shall have the right to immediately appeal the order.

(6) Any order that terminates parental rights or denies a petition or motion to terminate parental rights.

N.C. Gen. Stat. § 7B-1001(a) (2005). The amendment to this statute became effective 1 October 2005 for all petitions or actions filed on or after that date. *See S.L.* 2005-398, § 10 (14 September 2005). As the juvenile petition in this case was filed 24 October 2005, the right of appeal is governed by the new version of the statute.

This statute permits an appeal of a trial court's order ceasing reunification in only three circumstances: 1) where appealed in conjunction with a proper appeal of an order terminating parental rights; 2) where a termination petition is not filed within 180 days of the order ceasing reunification; 3) or where the appealing party is a custodian or guardian of the minor child. N.C. Gen. Stat. § 7B-1001(a)(5)(a)-(c) (2005). None of these circumstances exist in the case before us. Consequently, the father's appeal must be dismissed. However, as it appears that the father properly preserved his right to appeal the trial court's order ceasing reunification efforts by giving timely written notice as required by N.C.G.S. § 7B-507(c),

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

we dismiss without prejudice to the father's right to refile his appeal at a later time as permitted by N.C.G.S. § 7B-1001(a)(5).

Dismissed without prejudice.

Judges HUNTER and BRYANT concur.