IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-452

No. COA21-245

Filed 7 September 2021

Robeson County, No. 19 JA 237

IN THE MATTER OF:

A.L.

Appeal by respondent-mother from order entered 10 December 2020 by Judge Vanessa E. Burton in Robeson County District Court. Heard in the Court of Appeals 24 August 2021.

> *J. Edward Yeager, Jr., for petitioner-appellee Robeson County Department of Social Services.*
>
> *Robert C. Montgomery for guardian ad litem.*
>
> *Peter Wood for respondent-appellant mother.*

ZACHARY, Judge.

¶ 1     Respondent-Mother appeals from a permanency planning order ceasing reunification efforts with her daughter, A.L.,[1] arguing that the trial court abused its discretion by impermissibly delegating to the foster parents ("Guardians") the court's responsibility for determining the terms of Respondent-Mother's supervised visitation. Because we conclude that Respondent-Mother's appeal is premature and therefore untimely, we dismiss the appeal without prejudice.

---

[1] To protect the identity of the minor child, we refer to her by initials.

## I.  *Background*

¶ 2      On 18 July 2019, Petitioner Robeson County Department of Social Services ("DSS") filed a juvenile petition alleging A.L. to be a neglected juvenile. The case came on for an adjudicatory hearing on 30 October 2019, and the trial court adjudicated A.L. as neglected pursuant to an order entered 21 November 2019. The trial court conducted a dispositional hearing immediately following the adjudication and ordered that A.L. be placed in the legal and physical custody of DSS, with a primary plan of reunification with Respondent-Parents.[2]

¶ 3      The matter came on for a permanency planning hearing on 9 September 2020. The trial court found that because of A.L.'s health problems, "it would be unsuccessful to attempt to continue to reunite the parents with the juvenile[.]" A.L. "needs a kidney transplant and she cannot be and will not be considered for a transplant if the plan is for reunification to her parents who have consistently failed to show significant substantial improvement in the care of their child." The trial court, therefore, changed the primary plan to guardianship, and ordered that legal and physical custody of A.L. continue with DSS.

¶ 4      On 12 November 2020, the trial court conducted a review hearing. By order entered 10 December 2020, the trial court ordered, *inter alia*:

---

[2] Respondent-Father is not a party to this appeal; he passed away prior to the entry of the order that is the basis of this appeal.

> 1. That legal guardianship of [A.L.] shall be awarded to [Guardians] and there shall be no need for further review in this matter.
>
> . . . .
>
> 3. That [Respondent-Parents] shall have supervised visitation with [A.L.] the first Sunday of each month from 12:00 p.m. to 2:00 p.m. [Respondent-Parents] must give a 48 hour notice of their intent to visit and if [Respondent-Parents] are more than 30 minutes late, [Guardians] are not required to wait.

¶ 5 Respondent-Mother filed the statutorily required notice to preserve her right to appeal the trial court's 10 December 2020 review order, N.C. Gen. Stat. § 7B-1001(a)(5)(a)(1) (2019), and on 6 January 2021, Respondent-Mother filed notice of appeal to this Court.

## II.   *Jurisdiction*

¶ 6 Prior to the entry of a final order, a parent may appeal from a permanency planning order that eliminates reunification as a primary plan only under certain prescribed circumstances:

> 1. [The parent h]as preserved the right to appeal the order in writing within 30 days after entry and service of the order[,]
>
> 2. [a] termination of parental rights petition or motion has not been filed within 65 days of entry and service of the order[, and]
>
> 3. [a] notice of appeal of the order eliminating reunification is filed within 30 days after the expiration of the 65 days.

N.C. Gen. Stat. § 7B-1001(a)(5)(a).

Here, after the trial court ceased reunification as a primary plan, Respondent-Mother filed a written notice preserving her right to appeal the trial court's order, pursuant to N.C. Gen. Stat. § 7B-1001(a)(5)(a)(1). However, when Respondent-Mother subsequently filed notice of appeal from the trial court's 10 December 2020 review order on 6 January 2021, the 65-day period required by N.C. Gen. Stat. § 7B-1001(a)(5)(a)(2) had not yet elapsed. *See id.* § 7B-1001(a)(5)(a)(2). Moreover, there is no indication in the appellate record that a petition to terminate Respondent-Mother's parental rights had been filed. *See id.* As such, Respondent-Mother's appeal is premature and untimely. *See In re A.R. & C.R.*, 238 N.C. App. 302, 305, 767 S.E.2d 427, 429 (2014) (interpreting an earlier version of N.C. Gen. Stat. § 7B-1001(a)(5)—which provided 180 days, rather than 65, within which to initiate a termination of parental rights proceeding—and concluding that the statute "operates . . . to delay the date from which notice of appeal may be taken").

In addition, Respondent-Mother has not petitioned this Court for a writ of certiorari, and the record before us fails to affirmatively establish our jurisdiction to consider the merits of Respondent-Mother's appeal. Accordingly, we must dismiss Respondent-Mother's appeal.

### III.    *Conclusion*

For the foregoing reasons, we dismiss Respondent-Mother's appeal without

prejudice to her right to refile her appeal as allowed by N.C. Gen. Stat. § 7B-1001(a)(5)(a). *See In re D.K.H.*, 184 N.C. App. 289, 291–92, 645 S.E.2d 888, 890 (2007).

DISMISSED.

Judges MURPHY and GORE concur.